IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

ROMELLO C. WILSON                                                    PETITIONER

VS.                                            CIVIL ACTION NO. 3:20-cv-706-CWR-FKB

WARDEN JESSE WILLIAMS                                            RESPONDENT

## REPORT AND RECOMMENDATION

Romello C. Wilson entered a plea of guilty in the Circuit Court of Madison County, Mississippi, to one count of armed robbery and one count of kidnapping.  By order entered December 8, 2016, he was sentenced to serve 15 years on each count, the sentences to be served consecutively.  Because the crimes to which he pleaded guilty are classified as crimes of violence, Wilson is ineligible for parole.  *See* Miss. Code §§  97-3-2(1) and 47-7-3(1)(g)(i).  He now brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Liberally construed, the petition alleges three grounds for relief:  That Wilson's attorney rendered ineffective assistance in allowing Wilson to plead guilty in spite of the fact that there was not a sufficient factual basis for his plea; (2) that his guilty plea was involuntary; and (3) that his ineligibility for parole renders his sentence illegal. Respondent has filed a motion to dismiss the petition as untimely.  [8].  Having considered the motion and the other filings of the parties, the undersigned recommends that the motion be granted and the petition dismissed with prejudice.

The Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA) imposes a one-year statute of limitation for petitions for writs of habeas corpus under 28 U.S.C. § 2254:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).  Wilson's conviction became final on December 8, 2016, and his one-year limitations period began to run that day.  He had one year from that date, or until December 8, 2017, in which to file for federal habeas relief, subject to tolling for any period during which a properly-filed motion for post-conviction relief was pending in the state court.  Wilson filed no motion in state court for post-conviction relief prior to December 8, 2017.[1]  Therefore, his AEDPA statute of limitations ran on that date.  He

---

[1] On May 2, 2018, after his one-year federal limitations period had expired, Wilson filed in the state trial court a motion for post-conviction relief.  The motion was denied, and he appealed.  By opinion dated January 7, 2020, the Mississippi Court of Appeals affirmed the denial of relief.  *See Wilson v. State*, 295 So. 3d. 566 (Miss. Ct. App. 2020).

did not file his federal habeas petition until October 28, 2020.[2]  Thus, his petition is untimely.

In his filings in response to the motion, Wilson does not address the timeliness of his petition.  Rather, he continues to argue that his sentence is illegal in that he has been wrongfully denied parole eligibility.  Wilson has offered no argument that would establish that his petition is not barred by the one-year limitations period of § 2244(d). Accordingly, the undersigned recommends that the motion to dismiss be granted and the petition dismissed with prejudice.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court.  28 U.S.C. § 636; Fed. R. Civ. P. 72(b); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted, this the 17th day of May, 2021..

s/ F. Keith Ball
United States Magistrate Judge

---

[2]  Under the mailbox rule, a prisoner's *pro se* federal habeas petition is deemed filed on the date he delivers the petition to prison officials for mailing to the federal district court.  *Coleman v. Johnson*, 184 F.3d 401 (5th Cir. 1999).  Wilson's petition is undated. The mailing envelope reflects a postage date of October 28, 2020.  [1-4].  It was file-stamped by this court on November 2, 2018.  In the absence of any indication or evidence of an earlier date, the undersigned assumes and deems the petition to have been filed on October 28, 2020.